IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID NICHOLLS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID GREAVES, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br>Case No. 2:24-cv-00412-AMA-CMR<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Cecilia M. Romero |

This matter is presently before the Court on Defendants David Greaves, Larry Sidney, and Adaptive Bobsled & Sports Association, Inc.'s ("BSI Defendants"), Motion to Dismiss Plaintiffs' Amended Complaint ("Motion").[1] The Motion is fully briefed.[2] The Court did not hear oral argument. For the reasons set forth below, the Court grants BSI Defendant's Motion.

## **BACKGROUND**[3]

Plaintiffs David Nicholls and Adaptive Bobsled & Sports Association bring this purported diversity[4] action, alleging two Utah tort claims: defamation and interference with

---

[1] *See* ECF No. 40.
[2] *See* ECF Nos. 44 & 48.
[3] The factual background is taken from the Amended Complaint, ECF No. 39.
[4] The Amended Complaint lacks necessary detail to allow the Court to evaluate whether it enjoys diversity jurisdiction in this case. In the event this case continues, Plaintiffs are reminded that they must plead their own state citizenship or domicile. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) ("An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship."). Additionally, "[f]or diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). Finally, as to the LLC Defendants, an LLC takes the citizenship of all its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (noting the Tenth Circuit "join[ed] all other circuits that have considered the matter in concluding [an LLC] takes the citizenship of all its members").

economic relations.[5]  Plaintiffs and Defendants are individuals and entities involved in various capacities in Olympic Bobsled Racing.[6]  On December 12, 2019, Plaintiff Nicholls purchased a bobsled and shipping crate from Defendant Spence.[7]  While the bobsled was delivered from Calgary, Canada, to Lake Placid, New York, the associated shipping crate was not delivered.[8]

In 2021, Plaintiff Nicholls purchased another bobsled and shipping crate from an individual who is not a party to this lawsuit and who was living in Calgary, Canada.[9]  Plaintiff Nicholls travelled to Calgary to retrieve the newly-purchased bobsled, with its shipping crate, and also arranged with Defendant Spence to obtain the shipping crate for the bobsled purchased from Defendant Spence in 2019.[10]  Plaintiff Nicholls then retrieved what he believed was the shipping crate from the 2019 Spence transaction, but mistakenly took another shipping crate.[11]

These events led to tension between Plaintiff Nicholls and some of the individual Defendants, an investigation by the Calgary Police, and disciplinary proceedings before the "DRAD Select Special Hearing Committee."[12]  Plaintiffs allege that "[f]rom September 12, through October 6, 2021, all Defendants via phone, email, Facebook, and other social media fraudulently claimed Plaintiff Nicholls was a thief and a liar and had stolen a sled and shipping crate . . . ."[13]

---

[5] ECF No. 39 at 1.
[6] *See generally*, ECF No. 43.
[7] *Id.* at 10–11.
[8] *Id.* at 11.
[9] *Id.* at 12.
[10] *Id.* at 12–14.
[11] *See id.* at 15–16.
[12] *Id.* at 22; *see id.* at 15–22.
[13] *Id.* at 20.

**DISCUSSION**

The Court grants BSI Defendant's Motion because Plaintiffs have not shown the Court has personal jurisdiction over any Defendant in this case. In reviewing a motion to dismiss under Rule 12(b)(2) the Court takes all well-pleaded allegations in a complaint as true. *Eighteen Seventy, LP v. Jayson*, 32 F.4th 956, 964 (10th Cir. 2022).[14] As the parties asserting jurisdiction, Plaintiffs "bear the burden of establishing personal jurisdiction." *Id.*

I. **The Court grants BSI's Motion to Dismiss on the grounds of personal jurisdiction because the Amended Complaint lacks necessary factual allegations to show Defendants had sufficient minimum contacts with the District of Utah**

BSI Defendants contend the Court lacks personal jurisdiction over any Defendant in this case because all Defendants are domiciled outside of Utah and Plaintiffs have not alleged facts that could establish any Defendant had sufficient minimum contacts with Utah such that this Court can properly exercise personal jurisdiction over any of them. "Where, as in [Utah[15]], the state long arm statute supports personal jurisdiction to the full extent constitutionally permitted, due process principles govern the inquiry." *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011). "To exercise [personal] jurisdiction in harmony with due process, defendants must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'" *Id.* (alteration omitted) (quoting *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063 (10th Cir. 2008)). "Such

---

[14] Ordinarily, the Court also considers any affidavits submitted by the parties and resolves all factual disputes in the parties' affidavits in favor of plaintiff. *Id.* Yet, here, the parties have not submitted any affidavits.

[15] The Utah Supreme Court "held that the Utah long-arm statute 'must be extended to the fullest extent allowed by due process of law.'" *Starways, Inc. v. Curry*, 1999 UT 50, ¶ 7, 980 P.2d 204, 206, *holding modified by State ex rel. W.A.*, 2002 UT 127, ¶ 7, 63 P.3d 607.

contacts may give rise to personal jurisdiction over a non-resident defendant either generally, for any lawsuit, or specifically, solely for lawsuits arising out of particular forum-related activities." *Shrader* at 1239.

Plaintiffs' entire argument urging the Court to exercise personal jurisdiction over Defendants consists of a single sentence stating the Court has personal jurisdiction over "Defendants because all are regular participants and/or officials attending international events and races at the Olympic track located in Park City, Utah."[16] In addition to being inadequately briefed, Plaintiffs' suggestion fails on the merits.

First, Plaintiffs' statement is not supported by a citation to allegations in the Amended Complaint nor to legal precedent. This alone merits dismissal. *See, e.g.*, *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) ("when the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists"). Plaintiffs' single unsupported sentence is insufficient to meet their burden to prove that the Court enjoys personal jurisdiction over Defendants here.[17]

Second, even if the Court considers Plaintiffs' argument as if it were a factual allegation, the facts asserted about attendance at race events provides an insufficient basis to exercise personal jurisdiction over any of the Defendants. The allegations in the Amended Complaint fall short of establishing general jurisdiction over the individual or entity Defendants, who are all

---

[16] ECF No. 43 at 37; ECF No. 44 at 37.

[17] Although Plaintiffs' burden is relatively modest at this stage, they must present "evidence—either uncontested allegations in its complaint or evidence in the form of an affidavit or declaration—'that if true would support jurisdiction over the defendant.'" *Eighteen Seventy, LP v. Jayson*, 32 F.4th 956, 965 (10th Cir. 2022).

alleged to be domiciled outside of Utah (if their domicile is alleged at all).[18]  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924, 131 S. Ct. 2846, 2853–54, 180 L. Ed. 2d 796 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.").  Thus, Defendants do not appear to be subject to general personal jurisdiction in the District of Utah.

Likewise, specific personal jurisdiction can only be proper here if Plaintiffs allege facts to show their injuries "arise out of or relate to" activities directed to this forum.  *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839–40 (10th Cir. 2020).  "The arising-out-of component of the test requires courts to ensure that there is an adequate link between the forum State and the claims at issue, regardless of the extent of a defendant's other activities connected to the forum."  *Id.* (citing *Bristol-Myers Squibb Co. v. Superior Court of Cal., S.F. Cty.*, 582 U.S. 255 (2017)).  Plaintiffs do not explain, nor it is apparent to the Court, how Defendants' attendance at race events gave rise to, or relates to, any asserted injury resulting from the alleged defamation or interference with economic relations. [19]

---

[18] *See* Amd. Compl. ¶¶ 3–8.

[19] The Court, independent of Plaintiffs' briefing, is aware the Amended Complaint alleges Defendants made defamatory "statements claiming [t]heft" to a Park City Olympic Track Manager.  Amd. Compl. ¶¶ 48, 88.  The Court presumes Plaintiffs have not raised these statements as a basis for personal jurisdiction for a number of reasons.  First, the Amended Complaint lacks any indication whether this Manager was in Utah at the time the statements were made, let alone whether Defendants had any reason to know he might have been in Utah, such that one might conclude any statements were "purposefully directed" at Utah.  *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 840 (10th Cir. 2020).  Second, these allegations appear untimely because the statements were allegedly made in late 2021; this lawsuit was filed in 2024.  *See, e.g.*, *Jensen v. Sawyers*, 2005 UT 81, ¶ 33, 130 P.3d 325, 332 (holding a one-year statute of limitations applies to defamation actions).  Likewise, the allegations are not sufficiently specific to state a claim for defamation under this District's prior case law.  *See e.g.*, *Total Quality Sys.,*

### a. The Amended Complaint will be dismissed without prejudice and Plaintiffs will be afforded 21 days to file a motion to amend their complaint if they so choose.

BSI Defendants request dismissal <u>with</u> prejudice. The Court declines to do so because the Tenth Circuit has previously held doing so constitutes reversible error. *See Hollander v. Sandoz Pharms. Corp.*, 289 F.3d 1193, 1216 (10th Cir. 2002) (holding a dismissal for lack of personal jurisdiction "should have been . . . without prejudice to filing in an appropriate forum"); *see also Fuld v. Palestine Liberation Org.*, 606 U.S. ___ (2025), No. 24-151, 2025 WL 1716140, at *6 ("[the] court must have ... power over the parties before it (personal jurisdiction) before [the court] can resolve a case"). Moreover, given the deficiencies that exist in the Complaint might, at least hypothetically, be cured by amendment, Plaintiffs will be afforded 21 days to file a motion to amend if they so choose.

Based on the foregoing, the Court grants BSI Defendant's Motion.

### ORDER

Having considered the parties' briefs and the relevant law, the Court GRANTS BSI Defendant's Motion to Dismiss Complaint (ECF No. 40). The Amended Complaint is dismissed without prejudice. If Plaintiffs believe they have additional information that might provide an adequate basis for the Court to exercise personal jurisdiction over Defendants, Plaintiffs may file, within 21 days, a motion to file a second amended complaint. That motion must comply

---

*Inc. v. Universal Synaptics Corp.*, No. 1:22-CV-00167, 2024 WL 2396979, at *14 (D. Utah May 23, 2024) ("Federal courts have consistently interpreted Fed. R. Civ. P. 8(a) as requiring that defamation claims be pleaded with particularity to provide a defendant with fair notice.") (cleaned up).

with Rule 15 and the cases interpreting that Rule. If nothing is filed by that time, the Court will enter judgment dismissing this action without prejudice.

Given the Court's dismissal of the Amended Complaint in its entirety, the Motion to Dismiss filed by Defendants Adam Jeremy Edelman, Heath Spence, and Israel Bobsled Skeleton, LLC, is MOOT. (ECF No. 41).

Dated this 11th day of July 2025.	By the Court:

_____
Ann Marie McIff Allen
United States District Judge