**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH**

| | | |
|---|---|---|
| **DAVID NICHOLLS, ADAPTIVE BOBSLED & SPORTS ASSOCIATION, INC.,** | : | |
| **Plaintiffs** | : | |
| **v.** | : | **2024-CV-00412** |
| | : | |
| **DAVID GREAVES, LARRY SIDNEY, ADAM JEREMY EDELMAN, HEATH SPENCE, BOBSLEIGH SKELETON ISRAEL, LLC, ISRAEL BOBSLED SKELETON, LLC,** | : | **Jury Trial Demand** |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## SECOND AMENDED COMPLAINT

AND NOW, come the Plaintiffs, David Nicholls and Adaptive Bobsled & Sports Association, Inc., by and through their counsel, Thomas J. Jones Jr., Esquire, of Thomas J. Jones, Jr., P.C., a Pennsylvania Limited Liability Corporation, and bring the within Second Amended Complaint against Defendants above named, claiming that the Defendants: (1) ~~committed defamation of character by slander and libel causing economic harm and damage to reputation; (2)~~ committed tortious interference with business relations and prospective economic advantages in that Defendants knowingly and intentionally induced the breaking of a business or economic relationship, with improper motive and means; and (2)

conspired and engaged in a continuing course of conduct injuring Plaintiffs, denying them the opportunity to participate as the Israel Olympic Bobsled Team in the February 2022 Beijing Winter Olympics, and continuing to prevent Plaintiffs from participating in International Able-bodied and Para Bobsled events in order to compete in the 2026 Winter Olympic and Paralympic Games.

Additionally, Plaintiffs seek equitable injunctive relief to direct Defendants, Bobsleigh Skeleton Israel, LLC, and Secretary General, Larry Sidney, and President, David Greaves to issue licenses and register the Plaintiffs with the International Bobsleigh Skeleton Federation to compete in the 2024-2025 2025-2026 IBSF Bobsleigh Season.

AND further, Plaintiffs are seeking actual damages in excess of $100,000.00.

## PARTIES

**Plaintiffs**

1.     Plaintiff, David Nicholls, is a dual citizen of the United States and Israel domiciled in the State of Utah with a residence address 2064 Snow Creek Ln., PO Box 680016, Park City, Summit County, UT  84068.

2.      Plaintiff, Adaptive Bobsled & Sports Association, Inc. is an IRS 501 (c) Non-Profit Corporation with a business address the same as Plaintiff, David Nicholls of 2064 Snow Creek Ln., PO Box 680016, Park City, Summit County, UT 84068.

**Defendants**

3.      Defendant, David Greaves, is the President of Defendant, Bobsleigh Skeleton Israel LLC and is a dual Canadian and Israeli citizen, domiciled with a residence address 400 – 1205 Grant Ave., Winnipeg, Manitoba, Canada R3N 1Z3.

4.      Defendant, Larry Sidney, the Secretary General of Defendant, Bobsleigh Skeleton Israel LLC, is a United States Citizen, domiciled with a residence address of 189 Myron Dr., Zephyr Cove, Douglas County, Nevada 89448.

5.      Defendant, Adam Jeremy Edelman, is a dual United States and Israeli citizen, domiciled in the State of Massachusetts with a residence address of 565 Boylston Street, Brookline, County of Norfolk, Massachusetts 02445.

6.      Defendant, Heath Spence, is a citizen of Australia, domiciled in Canada with a residence address of 2804 14 St SW, Calgary, Alberta Canada T2T3V4.

7.    Defendant, Bobsleigh Skeleton Israel LLC, (hereinafter simply "BSI") is the National Governing Body of the Olympic Sports of Bobsled and Skeleton along with Para Bobsled for the Nation of Israel with a business address of Beit Hillel, P.B. 131, 1225500-Israel.  The Headquarters of Defendant, Bobsleigh Skeleton Israel LLC is operated from the homes and offices of Defendants, David Greaves and Larry Sidney, whose addresses are as listed above.

8.    Defendant, Israel Bobsled Skeleton, LLC, is a New York Limited Liability Corporation with the New York State Service Agent listed as Defendant, Adam Jeremy Edelman with the same address, 565 Boylston Street, Brookline, County of Norfolk, Massachusetts 02445.

## JURISDICTION

9.    This Honorable Court has jurisdiction ~~of the within Complaint being brought pursuant to Diversity of Citizenship, 28 U.S.C. § 1332~~ over this action pursuant to 20 U.S.C. § 1332 because diversity of citizenship exists between Plaintiffs and Defendants and the amount in controversy is greater than $75,000.00, exclusive of interest and costs.

Plaintiff, David Nicolls is a citizen of the state of Utah which is also his permanent place of domicile. Plaintiff, Adaptive Bobsled & Sports Association,

- 4 -

Inc. is incorporated under the laws of the state of Utah and has its principal place of business in the state of Utah.

Defendant, David Greaves is a dual Canadian and Israeli citizen who resides and is domiciled in Winnipeg, Manitoba, Canada.

Defendant, Larry Sidney resides and is domiciled in Zepher Cove, Nevada.

Defendant, Adam Jeremy Edelman is a dual United States and Israeli citizen who resides and is domiciled in Brookline, Massachusetts.

Defendant, Heath Spence is a Australian citizen who resides and is domiciled in Calgary, Alberta, Canada, for which 28 U.S.C. §1332(a)(2) permits this Court's jurisdiction.

Defendants, Bobsleigh Skeleton Israel, LLC is upon information and belief, an Israeli corporation with its principal place of business address at Beit Hillel, P.B. 131, 0225500 – Israel, but whose business headquarters is actually at both 400-1205 Grant Avenue, Winnipeg, Manitoba, Canada and 189 Myron Drive, Zepher Cove, Nevada, thus this Court enjoys jurisdiction over this Defendant pursuant to 28 U.S.C. § 1332(a)(2).

Defendant, Israel Bobsled Skeleton, LLC is a corporation organized and created under the laws of the State of New York with a primary business address of 565 Boylston Street, Brookline, Massachusetts.

In the paragraphs to follow, Plaintiff can further establish that jurisdiction is proper in the United States District Court for the District of Utah, Central Division, as Plaintiffs' injuries arise out of or relate to activities of the Defendants to this forum which directly effect the Plaintiffs' residences and domiciles of this venue.

### A. TECHNICAL ISSUE OF UNDERSTANDING: ELIGIBILITY AND QUALIFICATION FOR A 4-MAN BOBSLED TEAM TO PARTICIPATE IN THE 2022 WINTER OLYMPIC GAMES

By International Bobsleigh Skeleton Federation (IBSF) International Rules, only the 60 top ranked bobsled pilots of participating nations were eligible to be entered into the 2022 Winter Olympic Games being held in February 2022 at Beijing, China. Bobsled pilots from all nations were ranked based on race points earned in official IBSF Races on the World Cup, Europe Cup and North Americas Cup during the 2021-2022 Season.

The prior existing IBSF (8-3-2) Rule required that an eligible pilot, in order to qualify to participate in the Olympics, had to compete in 8 races on 3 different

- 6 -

tracks over a 2-year period.  That rule was amended by the IBSF due to the global Covid pandemic to allow the single year 2021-2022 ending January 16, 2022, be the exceptional one-year qualifying period for the Winter Olympics in Beijing, February, 2022.  And the National Bobsled Team only had to compete in six (6) races in the single season to be eligible to qualify for the 2022 Olympic Games.

All IBSF Bobsled Races in the North Americas Cup (NAC) in Whistler, Canada and Park City, Utah along with Lake Placid, New York in November and December, 2021 were declared to be double races to meet the 6 Race Participation Rule.  This presented the unique opportunity for a retired bobsled pilot and even a beginner bobsled pilot to race in one season earning ranked points to be eligible and qualified for participation in the February 2022 Beijing Winter Olympic Games.

### B.  STATEMENT OF PRINCIPAL PARTIES

10.    Plaintiff, David Nicholls has been a 2 and 4-man bobsleigh (hereinafter "Bobsled") pilot for the Defendant, Bobsleigh Skeleton Israel LLC (hereinafter BSI), the National Governing Body (NGB) of the Olympic sports of Bobsled and Skeleton for Israel as well as IBSF Para Bobsled Races (Mono Sled) in the past five years competing in IBSF Races.  Plaintiff, Nicholls, had a mission

that he and his team, brakeman and side pushers could earn enough ranked points to be eligible and qualify for the 2022 4-Man Bobsled Competition at the Beijing Winter Olympic Games.

Plaintiff, Dave Nicholls, is an incomplete quadriplegic bound to a wheelchair, but he has competed in IBSF 4-Man Bobsled Races as a driver/pilot, already seated in the bobsled with his 3 able-bodied pushers (2 side pushers and brakeman) sprinting and pushing the bobsled at the 50-meter start.  All other bobsled drivers from all the other nations sprint and push the bobsled at the start, then load into it with the 2 pushers and brakeman before the 50 meter start timing eye.

Despite the disadvantage of a slower start, Nicholls and the 3 team sled pushers (including brakeman) had successfully competed and placed ahead of other able-bodied National 4-Man Bobsled Development Teams to have successfully maintained a legitimate chance to be qualified for and participate in the 2022 Beijing Olympics.

Prior to preparing for the IBSF NAC 2021 Olympic Qualifying Races for Israel, Nicholls with dual citizenship in the United States and Israel, was issued the required IBSF License by the USA and BSI and competed in the IBSF Para

Bobsleigh Competitions (seated pilot in mono sled with mechanical start) for both countries from 2011 through 2018.  Nicholls and his 3 able-bodied team members competed in IBSF 2-Man and 4-Man Races from 2019 through the 2021 season. His substantial experience driving on the difficult IBSF NAC ice tracks provided him and his push athletes with an advantage over new pilots from other developing countries learning to drive bobsleds on the difficult Olympic ice tracks (Exhibit A: Nicholls IBSF 2-Man and 4-Man Bobsled Race Results 2019-2021); (Exhibit B, Nicholls IBSF Para Bob Race Results 2016-2021).

11.    Defendant, Adam Jerome Edelman, was a skeleton athlete representing Israel in the 2018 Pyeongchang (South Korea) Winter Olympics.  He participated in the minimum number of skeleton races in 2017/2018 to qualify for the 2018 Winter Olympics and did not earn enough ranked points to be entered into the Olympic Games.  However, Israel was given the final allocated spot of the 30-athlete quota for the 2022 Beijing Olympic Skeleton Race because 2 athletes with higher ranking from other nations declared they were not attending the Olympics.

Edelman was eliminated from the 2018 Olympic Skeleton Competition after the third heat of four and finished 28th of the 30 athletes while pushing the slowest 50-meter start than all other skeleton athletes.  He retired from skeleton

- 9 -

competition immediately thereafter as an "Olympian" to become an inspirational speaker and motivational counselor.

After the IBSF announced the qualification period for the 2022 Bobsled Winter Olympics was reduced to one season and not the two seasons set forth in the rules, Edelman contacted the Korean bobsled coach, Heath Spence, and arranged to train on a bobsled with the Koreans and Coach Spence in Pyeongchang, Korea in March 2021. He was entered into an IBSF sanctioned race for 2-man bobsled where there were only 4 teams competing and three were from South Korea. It was there Edelman announced he was forming a 2-man and 4-man bobsled team for Israel to compete in the 2022 Beijing Olympics.

12.    The Defendant BSI has no members other than the athlete members and Defendant, David Greaves, President and Defendant, Larry Sidney, Secretary General. There are no bylaws, statutes or rules of operation; there is no proof that the national governing body (NGB), BSI, "is a legal entity in the nation it represents" (emphasis added); and there is no established due process hearing for protection of athletes rights as required by the IBSF, the Israel National Olympic Committee and the IOC Olympic Charter. The BSI is registered in Israel as an "Amutah", a non-profit organization, that requires the entity to adhere to a "rule

book" which contains specific procedures for removing members ignored entirely by the BSI.  Defendants David Greaves, President and Larry Sidney, Secretary General have the absolute, unfettered discretion to operate the BSI, the National Federation for the Olympic Sports of Bobsled & Skeleton, in any manner of their choosing.

13.    Based on IBSF International Rules for participation in the Olympics, Israel would be limited to only one bobsled team to represent the Nation of Israel in the 2022 Olympic 4-Man Bobsled Competition.

**<u>EXAMPLES OF DEFENDANTS' MINIMUM CONTACTS WITH THE STATE OF UTAH</u>**

Documents from IBSF clearly show that BSI, its member athletes and coaches operated their business in the nature of registering athletes, participating in IBSF training and IBSF races in Utah in 2023, 2024 and 2025. See Exhibit Y. Plaintiffs are aware that BSI also operated in Utah in 2019, 2020, 2021 and 2022, however, the IBSF race and training result system is not offering data at this time for those years, unlike what they have available for 2023, 2024 and 2025. These IBSF race records are clear and undeniable proof that Defendant Adam J. Edelman, a member and self-appointed administrator of BSI in charge of athlete

development , has been present in person in Utah at the Utah Olympic Park on more than one (1) occasion. Edelman has also at times resided, trained and competed in Park City during the past eight (8) to ten (10) years. Defendants Edelman and Spence have attended, paid memberships, trained and conducted their business and that of BSI at the Basin Rec Center in Park City, Utah.

Defendants Larry Sidney, David Greaves (BSI), Adam Edelman and Heath Spence have also been present in Utah at the Utah Olympic Park during various IBSF races, training, team meetings and competitions while conducting their business as administrators and/or coaches of BSI. It is also in Utah where said Defendants denied Plaintiff Nicholls' the opportunity to compete, thereby interfering with Nicholls' business, causing irreparable financial harm.

As the executive directors, president, secretary and person in charge of athlete development for the National Governing Body of the Sport of Skeleton and Bobsled for the State of Israel, the three (3) administrators and coach Spence had as one of their responsibilities, to ensure the safety of their athletes. This was just one of their responsibilities during their customs and practices while doing business in Utah and New York. As such, this requires in-person visits from time to time to each venue to satisfy this responsibility.

Defendants Greaves, Sidney, Edelman and Spence participated in in-person at the UOP on more than one occasion while conducting their BSI business in Utah. Further, as a coach of Edelman, Spence would frequently appear in Park City at the Utah Olympic Park to meet with jury and race officials in-person, where they did disparage Nicholls and attack his character any opportunity to do so while attending these meetings for the benefit of his athlete Edelman and in favor of Edelman and BSI.

The documents refer to in Exhibit Y show that the Defendants had sufficient contact within the state of Utah as they were registered as a federation and had their athletes and coaches participating, training and competing at the Utah Olympic Park on many occasions, specifically, eight (8) instances in 2023, four (4) instances in 2024 and eight (8) instances in 2025.

Defendant Edelman had a fundraiser for his bobsled team on January 13, 2025 in Park City, Utah.

A copy of Plaintiff, Adaptive Bobsled and Sports Association, Inc.'s taxpayer identification notice from the IRS, attached hereto as Exhibit Z is yet further evidence of said Plaintiff's corporate place of business being located in Park City, Utah.

## ~~COUNT ONE~~

## ~~DEFAMATION~~

~~DEFENDANTS GREAVES, SIDNEY, EDELMAN, SPENCE, BOBSLEIGH SKELETON ISRAEL, LLC, AND ISRAEL BOBSLED SKELETON, LLC, CAUSED PLAINTIFFS DAVID NICHOLLS AND ADAPTIVE BOBSLED & SPORTS ASSOCIATION, INC. ECONOMIC HARM AND DAMAGE TO REPUTATION AS A RESULT OF CONTINUING CONDUCT ENGAGED IN SLANDER AND LIBEL~~

~~14.    Paragraphs 1 though 13 inclusive, are incorporated by reference herein the same as if set forth here in their entirety.~~

## COUNT ONE

## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

DEFENDANTS GREAVES, SIDNEY, EDELMAN & SPENCE, BOBSLEIGH SKELETON ISRAEL, LLC, AND ISRAEL BOBSLED SKELETON, LLC, COMMITTED TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS AND PROSPECTIVE ECONOMIC ADVANTAGES IN THAT DEFENDANTS KNOWINGLY INDUCED THE DIRECT BREAKING OF A BUSINESS AND ECONOMIC RELATIONSHIP, WITH IMPROPER MOTIVE AND MEANS

14.    Defendants represent the nation of Isreal and attend IBSF Bobsled and Skeleton Races in Park City, Utah, but also, host Fundraising Events, the most recent one January 15, 2025 at Temple Har Shalom, Park City.

15.    Plaintiff, Nicholls, having trained originally as a seated driver with an amputee brakeman in a 2-man bobsled at the Olympic bobsled track in Park City, Utah since 2005, did compete in the IBSF Para Bob World Cup Races (Mono Bobsled, Mechanical Start) from 2011 until 2018.  The International Paralympic Committee (IPC) in September 2018, announced that the IBSF had failed to sufficiently develop the sport of para mono bobsled since 2011 and therefore, it para mono bob would not be included as a sport event at the 2022 Winter Paralympic Games in Beijing.

16.    Plaintiff, Nicholls continued to enter races on the IBSF Para Bob World Cup Tour 2018-2019, however he also started to drive a 2-man bobsled again commencing competing in the IBSF able-bodied NAC Race November 2018 in Park City, Utah.  He raced while seated in the 2-man bobsled with an able-bodied brakeman pushing the sled and driver at the 50-meter start.  He and his brakeman competed in the able-bodied IBSF 2-Man Bobsled World Championship held at the Whistler Olympic Track in February 2019.  That year, Nicholls began to compete in the able-bodied IBSF 4-man bobsled races as a seated pilot with 3 able-bodied pushers including the brakeman.  Plaintiff, Adaptive Bobsled & Sports Association Inc., received a donation from the Christopher Reeve Foundation

which permitted the purchase of a 2-man bobsled that was used in the World Cup Competition.  At the World Championship Race in Whistler, Nicholls rented a 4-man bobsled from New Zealand.

17.    On December 12, 2019, Plaintiff, David Nicholls, purchased a 4-man bobsled and a sled shipping crate for $5,500 from Defendant, Heath Spence, a Canadian resident living in Calgary, Canada, a former Olympic bobsled driver from Australia, and the driving coach of the Korean bobsled team (Exhibit C, Spence to Nicholls Agreement of Sale).

18.    The Spence 4-man bobsled was transported from Calgary to Lake Placid, NY where Nicholls was training with his pushers and brakemen, but the sled shipping crate was not delivered.  The shipping crate is a valuable necessity to safely transport, from race venue to race venue, the bobsled and sensitive equipment with carefully protected steel runner blades.

19.    In March 2021, Defendant Edelman, learning the IBSF had changed the 2022 Olympic qualifying rules for bobsled reducing the two-season qualifying period to the one-year season, announced he was forming an Israel Team for IBSF 2 and 4-man bobsled races with the goal of competing in the 2022 Beijing Olympics.  He and a brakeman trained at the 2018 Olympic Bobsled Track at

Pyeongchang, South Korea for a quickly scheduled IBSF sanctioned race with the Korean Coach, Defendant, Heath Spence, who agreed to be the head coach for Edelman and his Israel team at the 2022 Olympics in Beijing.

20.    In August 2021, Nicholls, anticipating he would receive his 2021-2022 IBSF bobsled pilots license from the BSI as he had for the previous three years, paid his assembled Israeli team push athletes to meet and train in Lake Placid, NY at the newly constructed indoor ice push track to prepare for the upcoming Olympic year.  The mandatory race schedule: NAC qualifying races held in Whistler, Canada (11-2-21 to 11-14-21), Park City, Utah (11-16-21 to 11-29-21) and Lake Placid, NY (12-4-21 to 12-20-21).  The team also began training in order to participate in the open training at the China 2022 Olympic bobsled track (10-2-21 to 10-21-21) and gain valuable experience before the February Olympic Games.

21.    After training in Lake Placid for 2 weeks, Israel Team Nicholls departed for Park City, Utah, the home base for Nicholls, to do bobsled preparations and maintenance as well as physical training for the athlete pushers before leaving for the open training in China on the Olympic bobsled track beginning October 2.

22.    Nicholls and his team of brakemen and pushers while training and preparing to depart from Park City for China, Nicholls purchased a new 4-man bobsled and shipping crate from Christiano Paes, a former Olympic bobsled driver from Brazil, now located and residing in Calgary, Canada.

23.    Plaintiff Nicholls and 2 of his Israeli push athletes decided to fly to Great Falls, Montana, and there, rent a car to drive over the Canadian border to Calgary and there, rent a U-Haul truck to pick up the new Brazilian bobsled plus shipping crate.  While there, he would obtain the undelivered Spence sled shipping crate.

24.    On August 26, 2021, Nicholls, accompanied by two (2) of his able-bodied Israeli teammates flew to Great Falls, Montana.  There they rented a car for the drive to Calgary where they would rent a truck to pick up the purchased Brazilian sled and shipping crate, as well as load onto the truck the undelivered Spence bobsled shipping crate.

25.(20.)    On August 27, 2021, upon reaching the Canada/USA border, Canadian Customs and Border Guards would not permit the 2 Israeli athlete pushers to enter Canada because only Americans with a US passport were being granted entry into Canada during the Covid lockdown.

26.(21.)    Nicholls drove alone for the 3-hour trip from the border to Calgary where he rented a truck and drove to the Canadian Olympic Park to pick up the Brazilian 4-man bobsled with shipping crate along with the Spence shipping crate.

27.(22.)    Once approaching Calgary, Nicholls contacted Defendant Spence by phone (9:29 A.M.) and requested Spence meet him at the sled storage bins at the Calgary Olympic Bobsled Track (recently closed and partially dismantled) to identify the sled crate he purchased and paid for so he could have the crate loaded and taken back to Park City.

28.(23.)    Spence said he was too busy to meet Nicholls at the Calgary track, so Nicholls pressed him for information to identify his crate and where it was located.  Spence informed Nicholls that the sled crate he purchased would be identified by the name of Spence and street address and possibly the designation AUS (the abbreviated IBSF designation for Australia).

29.(24.)    Nicholls, contacted Brazilian Christiano Paes to load up the purchased Brazilian 4-man bobsled with shipping crate and further, after that, to assist in locating the Spence sled shipping crate and load it onto the truck and secure it for transport back to Park City.

30.(25.)        Paes and a few unknown persons, after loading the Nicholls purchased Brazilian 4-man bobsled and crate aboard the truck, located the storage bin where the 4-man crate with Spence identification information was stored and when they prepared to lift the crate onto the back of the truck, it was noticed the crate was way too heavy to be empty.

31.(26.)        Nicholls, still seated in the driver's seat of the truck, unable to walk to see what was taking place at the back of the truck due to the nature of his disability, spoke with Paes stating he was only owed the sled shipping crate as the 4-man bobsled he purchased from Spence had already been delivered to him in Lake Placid and the crate should be empty. So, he told Paes the crate should be empty.  Moments later, Paes returned to the driver's side of the truck and informed Nicholls he and his helpers loaded the empty Crate onto the truck and it was secured for transport to Park City.

32.(27.)        Nicholls then left the Calgary track in the rented truck, drove back to the Calgary U-Haul Rental and there, helpers attached the vehicle connection set up which hooked to the rental car.  Nicholls then drove the rented truck with attached rental car back to the Canada USA Border.  There he picked up

the 2 athlete pushers from Israel and they drove back to Park City with the newly purchased Brazilian bobsled and crate and the empty Spence shipping crate.

33.(28.)    Thirteen days later, on September 9, 2021, Defendant, Heath Spence, called Plaintiff, Nicholls, on his mobile phone and screamed, frantically accusing Nicholls of stealing the Australian 4-man bobsled and its shipping crate declaring he would report the theft to the Calgary Police. Nicholls stated he requested the shipping crate be loaded onto his rental truck by Christiano Paes and his helpers and that it was empty, and that it was identified by the information provided by Spence. Nicholls further screamed back that Spence's failure to deliver the crate 2 years after it was purchased and paid for by Nicholls was the "real" theft. (Exhibit D, Spence Text Message Accusation Stolen Sled 9-9-21).

34.(29.)    On September 9, 2021, at 10:25 A.M., Defendant, Spence phoned the Calgary Police and reported that Plaintiff, Nicholls had stolen the Australian bobsled and shipping crate (Exhibit E, Nicholls Calgary Police Report Spence, Edelman Allegations of Theft).

35.(30.)    The Calgary Police immediately investigated and interviewed several people in addition to Spence. Defendant Edelman claimed to the police the shipping crate belonged to him and Nicholls willfully and knowingly stole it.

Later that day, Defendants Spence and Edelman, after contact with Christiano Paes, found the Edelman sled in a storage bin where all sleds were kept at the Canada Olympic Park.

36.(31.)     On September 10, 2021, Defendants, Spence and Edelman contacted the Calgary Police and informed them the 4-man bobsled was found. However, Edelman insisted that Nicholls be prosecuted for theft of his shipping crate "willfully and knowingly stolen".  Defendant, Spence also reported to the police that they located the shipping crate he sold to Nicholls in 2019, sitting alone in the open space at the top of the Canada Olympic Park.

37.(32.)     The Calgary Police issued a final report on the afternoon of September 10, after email communication with Nicholls, closing the theft investigation finding no evidence of a crime, and suggesting the parties simply exchange shipping crates or pursue the matter in civil litigation.  Notice of the Calgary Police final decision that afternoon was provided to Plaintiff, Nicholls, and Defendants, Greaves, Sidney, Edelman, Spence and Bobsleigh Skeleton Israel LLC (Exhibit F, Nicholls Calgary Police Report Spence, Edelman Allege Theft).

38.(33.)     Then the conspiracy was hatched by Defendants to eliminate Plaintiff Nicholls and his 4-man bobsled team from participating in the IBSF 2022

Olympic Qualifying Races in Whistler, Canada, Park City, Utah and Lake Placid, New York. It was clear to all Defendants, that under the IBSF nations ranking for participation in the Beijing Olympics, Israel might be able to qualify one, but only one, 4-man bobsled team, and that 4-man team would be selected based upon the ranked points earned by the driver in the qualifying races. It was obvious that Edelman had to place ahead of and finish with higher IBSF ranked points than Nicholls in each NAC 4-man bobsled race to be the pilot for the Israel Olympic 4-man bobsled team at the Beijing Olympic Games. Considering the strong likelihood Edelman, a beginner driver, having never piloted a 4-man bobsled before in his life, would not finish ahead of Nicholls in the NAC Qualifying Races in 4-man bobsled on the difficult North American Olympic tracks, Defendants agreed amongst themselves to exploit the Calgary Police incident to destroy Plaintiff Nicholls' opportunity to qualify for the 2022 Olympics. Accordingly, Defendants for their own private economic benefit derived from financial support via personal and corporate sponsorships, charitable contributions, and marketing opportunities, needed to eliminate the only obstacle to the Edelman fast track to Olympic glory. The plan could readily be accomplished by Defendants BSI,

- 23 -

Greaves, Sidney and Edelman simply denying Nicholls an IBSF license to compete in IBSF NAC Olympic Qualifying Races.

39.(34.)    On or about September 12, 2021, Defendants conferred and agreed to a plan continuing to claim Nicholls had stolen a 4-man bobsled and further, to support the false claim by Defendant, Edelman, that Nicholls stole his valuable sled shipping crate.  Accordingly, Defendants Greaves and Sidney agreed it would take a disciplinary action to suspend Nicholls from membership in the BSI for the 2021-2022 IBSF Olympic season, thereby denying the issuance of the 2021-2022 IBSF License to Plaintiff Nicholls consequently eliminating him from qualifying and participating in the Qualifying 4-man bobsled races in the 2022 Winter Olympics.

40.(35.)    Defendants were further aware the BSI did not have bylaws or statutes of operation as required by International Rules of the IBSF and the IOC Olympic Charter, had no provision for election of officers and did not have an established written and published code of conduct or athlete dispute resolution procedure required for the protection of athletes' rights in international Olympic competition.

41.(36.)        On September 13, 2021 Defendants Greaves and Sidney sent a letter to Plaintiff, Nicholls notifying him his statements to the Calgary Police were misleading and untruthful, and a disciplinary hearing would be held on the matter. Furthermore, Nicholls and his team should cancel plans to attend the IBSF Open Training on the 2022 Olympic Bobsled Track in China during October (Exhibit F, BSI September 13, 2021, Correspondence Claiming Nicholls Lied to Calgary Police).

42.(37.)        On September 14, 2021, Plaintiff Nicholls requested David Kurtz, USA Para Bobsled Team Captain, to represent him at the BSI disciplinary hearing and he agreed.  Mr. Kurtz then contacted Defendants, Greaves and Sidney and requested the complaint, or report or charging document be forwarded to him in order that he be able to provide adequate representation for the athlete, Dave Nicholls at time of hearing (Exhibit G, Kurtz email September 14, 2021, to BSI requesting written charges against Nicholls).

43.(38.)        From September 12, through October 6, 2021, all Defendants via phone, email, Facebook, and other social media fraudulently claimed Plaintiff Nicholls was a thief and liar and had stolen a sled and shipping crate from another Israeli athlete, AJ Edelman.

44.(39.)     On September 15, 2021, Defendants Greaves and Sidney corresponded with David Kurtz, athlete Nicholls' representative, via email, and stated an argument that Nicholls should be suspended from the BSI and further stated the Hearing or Dispute Resolution and Appeal Procedure would be distributed in the near future and hopefully a hearing scheduled soon (Exhibit H, BSI email to Kurtz notifying Disciplinary Hearing to be scheduled soon).

45.(40.)     On September 20, 2021, Defendants Greaves and Sidney corresponded via email with David Kurtz informing him the Hearing for Nicholls would take place the next evening September 21, before a distinguished panel of independent and highly qualified individuals experienced in elite athletes' grievance procedures and outcomes.  The two Defendant BSI officers informed Mr. Kurtz he would receive the Dispute Resolution and Appeal Procedure Document and Charging Document later that evening (Exhibit I, BSI Email to Kurtz notifying Disciplinary Hearing to be scheduled September 21, 2021).

46.(41.)     On September 21, 2021, at 2:17 P.M., Defendants, Greaves and Sidney sent an email to Nicholls and Kurtz with the BSI Report to Special Committee DRAD (Disciplinary Report) attached claiming Nicholls lied to Spence, Calgary Police and BSI Officers as unequivocal facts and that further,

there should be no discussion of the false claims a Bobsled and Shipping Crate were stolen or ability to question or cross examine the Prosecution Witnesses at the hearing scheduled for later that evening (Exhibit J, BSI Report to Special Committee DRAD  9-21-2021).

47.(42.)      The zoom hearing commenced at approximately 8:00 P.M., and the chairman of the hearing panel announced at the start of the hearing, there would be no discussion of a stolen bobsled.  Mr. Kurtz vehemently objected stating the international bobsled community was currently ablaze on the internet with the rumor that Plaintiff Nicholls had stolen a bobsled in Calgary and accordingly, the decision by the hearing panel should begin with the declaratory statement there was no stolen bobsled.  The panel agreed.

48.(43.)   At the hearing, Plaintiff Nicholls was the only witness or participant to testify under oath, and explained his actions, thoughts and conduct on August 27, 2021, in Calgary.  He was questioned extensively by the panel members, and they all appreciated his directness and honest answers, even his disclosure of mistakes and reluctance to speak about a "stolen sled" with the Calgary Police when he knew nothing but that the shipping crate, he thought was

the one purchased from Spence, was "empty" that he took with him back home to Park City, Utah.

49.(44.)    On September 27, 2021, the DRAD select special hearing committee issued its final unanimous decision.  The decision made clear that Nicholls should have been more forthcoming with the Calgary Police and BSI officers in the conversations about the "stolen sled and crate", and further, should not remain in a position of authority and control within the BSI (Team Captain) and, additionally, should send apologies to the Calgary Police, BSI officers, Heath Spence, and AJ Edelman.  The decision did not expel or suspend Nicholls from the BSI but considered it a first offense which would not prevent BSI issuing an IBSF license to compete in the IBSF Olympic Qualifying NAC Races and the open training in China scheduled to begin October 2, 2021.  The September 27, 2021, final decision of the hearing panel was not issued to Plaintiff Nicholls, but only to the BSI officers, Defendants, Greaves and Sidney (Exhibit K, September 27, 2021, DRAD Report).

50.(45.)    Also on September 27, 2021, Defendant Edelman announced on Facebook he and his team were "the bobsleigh team of Israel" and they were training at the Lake Placid Icehouse Start Facility.

51.(46.)     On October 6, 2021, after the opportunity to travel and train on the Olympic track in Beijing had passed, Defendants Greaves and Sidney finally issued the September 27, 2021, decision by the special select committee (DRAD) favorable to Plaintiff Nicholls not finding he should be suspended but instead, licensed to compete.  However, the Defendants Greaves and Sidney attached a "preamble" to the special committee's September 27, 2021, final decision stating the committee failed to take into consideration information privately provided to the DRAD select committee by Defendants, Greaves and Sidney, and the final decision of the committee was based upon "faulty evidence" which "rendered the committee's recommendations invalid".  The "preamble" stated Nicholls would be denied a license by the BSI to compete in the IBSF NAC Olympic Qualifying Races and the entire 2021/2022 IBSF Season (emphasis added), (Exhibit L, BSI Preamble Reverse DRAD Report 10-06-21).

52.(47.)     The private phone calls, mailed correspondence and emails by the Defendants, Greaves (Canada) and Sidney (Arizona), with the DRAD special select committee were acts of wire and mail fraud, providing false information that BSI had previously "suspended" Nicholls, to the committee for the purpose of rendering its decision to ban Nicholls in order that Defendant Edelman, the novice

Bobsled Pilot, not place behind Nicholls in an Olympic Qualifying Race (Emphasis added).

53.(48.)     The Defendants Greaves, Sidney, Edelman, Spence and others (Edelman driving coach, Sandra Kiriasis) continued to phone, email and Facebook messages to others in a campaign to discredit Plaintiff Nicholls by known false statements he stole a bobsled and/or shipping crate.  Specifically, Defendants Edelman and Spence contacted RJ Shannon, Track Manager of the Utah Olympic Park, to inform him Nicholls was storing the stolen bobsled at the equipment storage bins at the Park City Olympic Park. Shannon then contacted Plaintiff Nicholls demanding he remove his stored bobsleds at the Olympic Park because they were stolen property.

49.    As a result of the Defendant, BSI, failure to have operating Bylaws, Statutes, Articles of Corporation or Association, there was no required publication of Athletes Rights and specifically the right to appeal a decision of the Executive Officers denial of the right to compete contrary to all Rules of International Olympic Sport Federations.

54.(50.)     From October 6 to October 25, 2021, in light of the fact there was no published appeal procedure to follow, and time was of the essence

considering the first training for the NAC Olympic Qualifying Races in Whistler, Canada were scheduled to begin November 2, 2021, the team manager for Dave Nicholls bobsled team, Rich Sarro, and Defendant, David Greaves were involved in negotiations to settle the case.

55.(51.)    Plaintiff Nicholls' team manager, Sarro, negotiated in good faith and believed Defendant Greaves was doing so as well.  When the two got close to an agreement to permit Nicholls and his team to train and race in the IBSF NAC qualifying events, Defendant Greaves pulled out from any negotiations stating no way would he permit Nicholls and his team participate in the NAC races and qualify for the Olympics.

56.(53.)    With time being of the essence to appeal and obtain relief and a remedy for the BSI unjustified denial of an IBSF driver's license to Plaintiff, Nicholls and his team push athletes and brakeman, Nicholls filed an appeal to the Israel National Olympic Committee, Chairman of the Elite Sports Department (as required by the late provided, newly minted BSI Rules of Procedure) on October 28, 2021 and served on the BSI Officers Greaves and Sidney.  The Appeal requested an emergency hearing and a final order directing the BSI provide an IBSF driver's license to Plaintiff, Nicholls and further, for the BSI to register and

enter Nicholls and his team for the NAC Olympic Qualifying Races (Exhibit M, Nicholls Appeal to the Israel National Olympic Committee).

57.(53.)    On November 1, 2021, Gilad Lustig, the CEO of the Israel National Olympic Committee, notified the BSI and Nicholls that the Israel National Olympic Committee has no jurisdiction over an independent National Olympic Federation such as the Defendant, BSI, but only those federations that are members of the Israel National Olympic Committee (Exhibit N, Israel National Olympic Committee Denial Jurisdiction of Appeal).

58.(54.)    On November 4, 2021, Nicholls filed an emergency appeal before the IBSF Appeals Tribunal claiming the Appeals Tribunal could exercise discretionary jurisdiction to hear the appeal pursuant to the IBSF Appeals Tribunal Code; Section IV, Subsection D (iv), which states:

> "The Tribunal shall have no power to hear and shall not exercise jurisdiction over the following matters:
> iv. Any dispute among individuals who belong to the same member in those cases in which the member provides a dispute resolution procedure."

59.(55.)    Although there was no express grant of appellate jurisdiction by the IBSF Appeals Tribunal of this dispute between a member of the member nation (Nicholls v. BSI), and the IBSF recognized member national federation (BSI),

Nicholls claimed the BSI member nation did not provide a required dispute resolution procedure (Exhibit O, Nicholls Appeal for Discretionary Jurisdiction of Dispute before IBSF).

60.(56.)    Plaintiff Nicholls and his team with bobsleds had departed for Whistler, Canada earlier due to the 2-man bobsled training for the NAC Races had begun on November 2, and the team wanted to be ready should the IBSF Appeals Tribunal grant emergency relief and permit the team to be licensed and compete in the first Whistler 4-Man Bobsled Race of the NAC Olympic Qualifying Races.

61.(57.)    On November 8, 2021, Team Nicholls being concerned the Whistler NAC 2-man bobsled training and races were soon to be completed and the critical training for 4-man bobsled and races scheduled to begin in 2 days, filed a second emergency appeal before the IBSF requesting immediate consideration of the original filed emergency appeal and preventing irreparable harm to Plaintiffs (Exhibit P, Nicholls 2nd Emergency Appeal for Discretionary Jurisdiction of Dispute before IBSF).

62.(58.)    By IBSF Appeals Tribunal Interim Order No. 1, dated November 5, 2021, and served on the parties on November 8, 2021 (with apologies by the Chairman of Appeals Tribunal for delay) the chair considered the Plaintiff's

Emergency Petition as legitimate for discretionary jurisdiction, however, he stated the IBSF Appeals Tribunal should not exercise jurisdiction if the Nicholls Appeal before the Israel National Olympic Committee was still pending.  The Chair of the IBSF Appeals Tribunal requested the Parties immediately address the issue of jurisdiction, specifically, whether the BSI claim the Nicholls appeal to the Israel National Olympic Committee was alive and pending for a decision (Exhibit Q, IBSF Appeals Tribunal Chairman November 5, 2021, Interim Order No.1).

63.(59.)    Defendants Greaves and Sidney continued a pattern of wire and mail fraud in phone communications with the IBSF Chair of the IBSF Appeals Tribunal and emails falsely claiming the Israel National Olympic Committee still had jurisdiction of the appeal filed by Plaintiffs and they were trying to "assist" Plaintiffs through the appeal process (Exhibit R, BSI False Claim Nicholls Appeal Still Pending before Israel National Olympic Committee).

64.(60.)    Defendants Greaves and Sidney knowingly gave false information to the IBSF Appeals Tribunal to delay consideration of the Plaintiff's case on emergency appeal until after Plaintiffs could no longer have a realistic last chance to be licensed, registered and entered to train and compete in the NAC Whistler Olympic qualifying 4-man bobsled races.  In the meantime, Defendant,

Edelman and his 2-man and 4-man teams were training and racing in the Whistler NAC Olympic Qualifier Race.

65.(61.)    On November 9, 2021, the Chair of the IBSF Appeals Tribunal again requested the status of the appeal before the Israel NOC recognizing the emergency nature of the Plaintiffs' appeal filed before the IBSF Appeals Tribunal (Exhibit S, IBSF Appeals Tribunal Chairman Request for Update on "pending" Nicholls Appeal Before Israel National Olympic Committee).

66.(62.)    Also on November 9, 2021, the Whistler NAC Olympic qualifier 2-man bobsled training and races concluded, and training for the NAC Olympic Qualifier 4-Man-Bobsled Races scheduled November 13-14 would begin the next day.

67.(63.)    On November 10, 2021, Defendants Greaves and Sidney finally after concealment, informed the Chairman of the IBSF Appeals Tribunal that the Israel National Olympic Committee did decline the Nicholls appeal on the basis there was no national Olympic committee jurisdiction over an independent national Olympic sport organization, however the BSI was working on establishing an *ad hoc* appeals tribunal (Exhibit T, BSI Admission Nicholls Appeal Before Israel NOC Not Pending).

68.(64.)    On November 12, 2021, the day before the first Whistler NAC Olympic Qualifier 4-Man Bobsled Race, the Chairman of the IBSF Appeals Tribunal declared the IBSF Appeals Tribunal did have jurisdiction over Plaintiffs' emergency appeal (Exhibit U, IBSF Appeals Tribunal Chairman Declaration IBSF Jurisdiction Over Nicholls Emergency Appeal).

69.(65.)    Pursuant to IBSF International Rules, a race organizer must offer 3 days of training on ice to the national bobsled team and there must be at least 2 crash-free runs down the bob track during official training.  Most importantly, the Team must be Officially entered and registered in the training and races by the national federation, in this case the Defendant BSI.  BSI officers refused to issue IBSF licenses to Plaintiff, Nicholls, and his team push athletes and to register and enter the Plaintiffs in the Whistler NAC 4-Man Bobsleigh Races.

70.(66.)    In recognition that timely emergency relief from the IBSF Appeals Tribunal to permit training and racing in the Whistler IBSF NAC Olympic Qualifying Races was not possible due to the time delay caused by the Defendants' false and misleading communications regarding a "pending" appeal before the Israel National Olympic Committee, Team Nicholls Athletes and Bobsleds traveled

back to home base, Park City, Utah. This was also the venue of the next IBSF NAC Olympic Qualifying Races.

71.(67.)    Defendant Edelman and his brakeman competed in the 3 NAC Whistler 2-Man Bobsled Races finishing 10th of 12, 10th of 15, and 9th of 12; and his 4-man bob team in the 3 NAC Whistler 4-man bobsled races finishing 9th of 11, 9th of 10 and 8th of 9.

72.(68.)    On November 16, 2021 Plaintiffs, Team Nicholls, in a last gasp attempt to save the mission to compete in the February 2022 4-man Olympic Bobsled Race in Beijing, filed with the Chairman of the IBSF Appeals Tribunal a "MOTION FOR EMERGENCY INTERIM ORDER TO PERMIT BOBSLEIGH SKELETON ISRAEL ATHLETE, DAVID NICHOLLS AND HIS PUSH ATHLETES, TO BE REGISTERED AND ENTERED INTO THE IBSF PARK CITY NAC TRAINING AND TWO & FOUR MAN RACES NOVEMBER 17 – 29, 2021" (Exhibit V, Motion for Emergency Interim Order to Permit Team Nicholls to Train and Race in Park City NAC November 17-29, 2021).

73.(69.)    The motion stated, "as a result of the false and misleading statements by respondent [BSI] to the appeals tribunal that petitioner was pursuing

an existing appeal before the Israel NOC prejudicially delayed the IBSF Appeals Tribunal of exercising jurisdiction, Petitioner did suffer irreparable harm by the failure to be registered and entered into the training and competition of the Whistler NAC".

74.(70.)    The motion requested that the BSI be sanctioned for filing false and misleading statements depriving Petitioners of the only opportunity for receiving prompt and timely emergency relief from the IBSF Appeals Tribunal. That relief and remedy: "Nicholls to be IBSF licensed along with his push athletes and further, to be registered and entered into the IBSF Park City, Utah NAC Olympic Qualifying Training and Races.  Accordingly, until such time as there is a full hearing with submission of documents, exhibits and written statements or testimony with deliberation and final decision on the merits of the appeal, it is respectfully requested the appeals tribunal issue an interim order:

1.(A.) Directing the BSI, on November 17, 2021, to grant a 2021-2022 IBSF license to David Nicholls and the push athletes of his team (if otherwise qualified) and further, register and enter them into the training and remaining races of the IBSF Park City NAC; and

2.(B.) Requesting the IBSF NAC officials and jury, along with the Park City NAC race officials and track manager to accommodate the Petitioner and his push athletes as late registered entries into the 2-man and 4-man training and races beginning Wednesday November 17, 2021."

75.(71.)    On November 17, 2021, Defendants, Greaves and Sidney, submitted voluminous documents to the IBSF Appeals Tribunal which the BSI claimed to be new evidence with hearsay and false statements specifically stating the Special Select Hearing Committee of the BSI had changed its mind after hearing the *ex parte* false statements from the Defendants, Greaves and Sidney, and the committee would have issued a more severe punishment to Nicholls had the members of the DRAD Select Committee known he was "lying".

76.(72.)    On November 18, 2021, the IBSF appeals tribunal, after a Zoom video argument wherein Defendants Greaves and Sidney continued false and misleading statements orally and by submitted written documents, denied the Plaintiffs' Motion for Emergency Interim Order to direct BSI immediately license and register Plaintiffs in the Park City, Utah IBSF NAC 4-man Olympic qualifying races.  The IBSF Appeals Tribunal retained jurisdiction over the appeal to consider other issues raised instead of the emergency relief issues.

77.(73.)    On November 18, 2021, it was clear, Dave Nicholls, incomplete quadriplegic Bobsled Driver for Israel and his push athletes were denied the opportunity to qualify for and compete in the Beijing 2022 Winter Olympic 4-Man Bobsled Race as a result of the continuing conspiracy and conduct of wire and mail fraud by Defendants depriving Plaintiff, Nicholls, and the Plaintiffs' athlete pushers of the opportunity to be Olympians.

78.(74.)    Defendant Edelman and his brakeman competed in the 2 Park City NAC 2-Man Bobsled Races finishing 10th of 17 and 9th of 12; and his 4-Man Bob Team in the 2 NAC Park City 4-Man Bobsled Races finishing 9th of 11 and 10th of 12.

79.(75.)    The reason and motive for Defendants to discredit Nicholls and eliminate him from competition was to ensure that new bobsled driver, Defendant Edelman, would be the highest ranked (only) Israeli bobsled pilot to be qualified and eligible for the 2022 Winter Olympics.  The economic benefit of sponsor contributions and marketing opportunities and post-Olympic speaking engagements would flow to Edelman (who demanded media outlets refer to him as "The Hebrew Hammer") and his supporters, the Defendants BSI, and their fundraising entities, Defendants Israel Bobsled Skeleton LLC.

80.(76.)      In order for the beginner Edelman team to quickly become the Israel team qualified to be entered into the 2022 Beijing Olympic 4-Man Bobsled Race (the purpose of the conspiracy) he didn't have to beat other nations or other national drivers, he just had to place ahead of the ~~Isreal~~ Israeli, Dave Nicholls team in the NAC Olympic Qualifying Races in Whistler, Park City and Lake Placid. That was unlikely to happen in consideration of the expert 4-man bobsled driver ability of Plaintiff, Nicholls.  So, the plan was to eliminate Nicholls and his team from competing in the NAC Olympic Qualifying Races.

81.(77.)      Defendant Edelman and his brakeman competed in the 2 Lake Placid NAC 2-Man Bobsled Races finishing 11th of 16 and 12th of 15; his 4-man bobsled team crashed during official training and his 4-man team was not qualified to be entered into the NAC Lake Placid 4-Man Bobsled Races.  The failure of Defendant Edelman to compete in the NAC Lake Placid 4-Man Bobsled Races in Lake Placid resulted in his 4-man bobsled team not meeting the minimum IBSF Olympic qualifying requirement of 3 different tracks of competition for the 4-man bobsled discipline and he was ruled ineligible and not qualified to compete in the 2022 Beijing Olympics 4-Man Bobsled Races.

82.(78.)   Defendant Edelman did not earn enough racing points in the IBSF NAC 2-man bobsled races to qualify for the top 30 quota of 2-man bobsled pilots eligible to race in the 2022 Beijing Olympics.  By IBSF rule change since the 2018 Pyeongchang Olympics, where Edelman was able to bubble up into the Olympic top 30 quota for male skeleton athletes from a ranking of 41, there was no IBSF bubble up rule allowed to permit Edelman to be elevated into the quota of thirty 2-man bobsled drivers in the 2022 Beijing Olympics.

83.(79.)   Defendants Edelman and BSI filed suit against the IBSF before the International Court of Arbitration for Sport (CAS), *Ad Hoc* Division, sitting in Beijing to compel the IBSF to enter Defendant Edelman's 2-man bobsled team into the quota of 30 for the Olympic Race.  The Court denied the BSI Edelman petition summarily for several reasons, one being the complainants failed to exhaust the available statutory remedy to file an appeal before the IBSF Appeals Tribunal.

84.(80.)   The ~~acts of slander and libel~~ conduct and acts of Defendants via mail fraud and wire fraud ~~form the enterprise,~~ committed by Bobsleigh Skeleton Israel, Defendants Greaves, Sidney, Spence and Edelman ~~and~~ along with his solely owned marketing company Defendant, Israel Bobsled Skeleton LLC, continued through 2022 until the present day.  Defendants terminated Plaintiff Nicholls from

the BSI without notice and hearing confirming oral discussions with the President of the IBSF in July 2022 (Exhibit W, BSI IBSF Letter 7-18-2022 Termination).

85.(81.)     In October, at the beginning of the 2022-2023 IBSF training and racing season for bobsled, para bobsled & skeleton, Plaintiff Nicholls, and his team were preparing to train on ice at the Whistler, British Columbia 2010 Olympic Track having received confirmation their training was to start October 12th.  Nicholls was invited to pilot a sled with pushers, not as an Athlete IBSF licensed by a national federation, but as a previous member of the Canada Provisional Sports Organization (PSO), "British Columbia Bobsleigh Skeleton Association".  Plaintiff, Nicholls' Push Athletes and Brakeman made application to the BSI for IBSF Licenses to train with Nicholls in Canada.

86.(82.)     Once the Nicholls team reserved training was confirmed by Matt McMurray, the organizer for the special training for members of the Canada Provisional Sports Organizations (PSO), the team packed up the U-Haul and departed on the 979-mile (1,566 km) trip from Park City, Utah to the 2010 Canadian Olympic Bobsled Track at Bear Mountain, British Columbia, Canada.

87.(83.)     Shortly before arriving, Nicholls received a text from Matt McMurray cancelling the confirmed training reservation.  Upon traveling straight

to the ice track, Nicholls learned directly from Matt McMurray that BSI President, Defendant Greaves, aware the Nicholls team pushers applying for licenses would be sliding with Nicholls, called McMurray notifying him the BSI licenses were not forthcoming for the athlete pushers.  Greaves, then on the phone call, vehemently described Nicholls as a thief stealing his sled and shipping crate which resulted in the rescinding of the training invitation to Plaintiff Nicholls and his teammates.

88.(84.)    Defendants BSI, David Greaves and Larry Sidney, continuing a pattern of false claims of theft and lying against Plaintiff, Nicholls in written correspondence text and phone messages refused to grant or provide an IBSF License to Plaintiff Nicholls and his Teammates in order that they may compete in IBSF Able-bodied and Para Bobsled races in the 2023-2024 IBSF competition season and continuing through the 2024-2025 Able-bodied and Para Bobsled Competitions, thereby denying them the opportunity to qualify and be eligible to participate in the 2026 Olympic and Paralympic Winter Games. (Exhibit X, BSI Nicholls Correspondence No License 2023 NAC Races).

89.(85.)    Defendants BSI, David Greaves and Larry Sidney, continuing a pattern of false claims of theft and lying against Plaintiff in written correspondence, text and phone messages have claimed they will refuse to grant or

provide an IBSF license to Plaintiff Nicholls and his Teammates in order that they may compete in IBSF Able-bodied and Para Bobsled races in the 2025-2026 IBSF competition season, thereby denying them the opportunity to qualify and be eligible to participate in the 2026 Olympic 4-man Bobsled Competition and future Paralympic Winter Games.

90.(86.)     Defendants BSI, David Greaves, Larry Sidney, as well as Adam Edelman and his marketing company, Israel Bobsled Skeleton LLC, have continued through 2023 and 2024 2024 and 2025, to discredit Plaintiff Nicholls in a pattern of making false and defamatory statements in public or private phone and written correspondence, claiming he Plaintiff Nicholls is guilty of theft and lying to International IBSF officials and Canadian Police, further stating Nicholls will never receive an IBSF license in the future to pilot a bobsled from the nation of Israel.

91.(87.)     The Defendant BSI and the Israel Olympic Committee did not contribute any financial aid, no funding, not a shekel, to Team Nicholls and the push athletes.   Nicholls and his sponsors funded the team, paid for coaches, paid for athlete travel, paid for all equipment including 2 and 4-man bobsleds, paid for food, paid for bobsled transportation, paid for uniforms, paid travel for

programming or recruiting, paid for insurance coverage, and further, paid for doctors and/or medical care.  Plaintiffs suffered actual monetary damages well in excess of One Hundred Thousand ($100,000) Dollars.

92.(88.)     Each of the Defendants made verbal false ~~defaming~~ statements claiming Theft by Nicholls of the Edelman Bobsled and Shipping Crate to the Calgary Police, the Park City Olympic Track Manager, the Whistler Olympic Track Race Director as well as written statements to the International Bobsleigh & Skeleton Federation, the IBSF Appeals Panel, the Israel National Olympic Committee all which deprived Plaintiff the economic opportunity to earn fame and celebrity by competing as a Paraplegic Bobsled Pilot in the Olympic Winter Games of 2022.

~~WHEREFORE, Plaintiff, David Nicholls demands judgment in his favor and against the Defendants, Greaves, Sidney, Edelman, and Spence in an amount to be decided by a jury.~~

~~89.     Paragraphs 1 through 88, inclusive, are incorporated by reference~~

93.(90.)     Defendants, individually and in concert, recognized the economic opportunity for marketing, sponsorship, and corporate/private charitable contributions to be made and received not only to fund BSI Team Edelman, but

also to finance the expenses and compensation of Defendant BSI Executive Officers, David Greaves and Larry Sidney.

94.(91.)    Plaintiffs, Nicholls and Adaptive Bobsled & Sports Association Inc. could only raise sufficient sponsorship and private contributions to fund Nicholls Team, his athletes, sleds and equipment, travel and all significant associated costs in preparation for the 2022 Winter Olympics and now for the 2026 Olympics.

95.(92.)    Defendants, accordingly, conspired and succeeded in, contriving and perpetuating the false claims of theft and perjury in order to have Plaintiffs eliminated from the competition for the BSI Olympic 4 Man Bobsled Team, thereby denying the economic benefits to Plaintiffs and diverted instead to the Defendants.

96.(93.)    Defendants, Greaves and Sydney wrongfully and intentionally interfered with the ability of Nicholls and his Teammates to participate in the 2022 Olympic Winter Games by improper means contrary to the IBSF Statutes, Israel National Olympic Committee Rules and the Olympic Charter in that Defendants falsely engaged in dilatory conduct delaying the IBSF Athlete Appeal Process for

Nicholls past the time for any National Team to participate and qualify for the 2022 Olympics.

97.(94.)      Defendants, Greaves and Sydney wrongfully and intentionally interfered with the ability of Nicholls and his Teammates to participate in the 2022 Olympic Winter Games by improper means contrary to the IBSF Statutes, Israel National Olympic Committee Rules and the Olympic Charter in that Defendants engaged in ~~Slander and Liable~~ intentional conduct accusing Plaintiffs of stealing a Bobsled and Shipping Crate and corrupting the Athlete Statutory Appeal Process by reversing the Decision of the DRAD Committee Ruling Plaintiff Nicholls should be Licensed and permitted to participate in the IBSF NAC 2022 Olympic Qualifying Races in Whistler, Canada, Park City, Utah and Lake Placid, New York.

WHEREFORE, the Plaintiffs demand judgment be entered in their favor and against the Defendants, Greaves, Sidney, Edelman and Spence, Bobsleigh Skeleton Israel, LLC., and Israel Bobsled Skeleton, LLC., in an amount to be decided by a Jury for the actual monetary damages suffered by Plaintiffs as a result of the tortious conduct of all Defendants which deprived Plaintiff the economic opportunity to earn substantial future income due to the fame and celebrity by competing as a paraplegic bobsled pilot in the Able-Bodied Olympic Winter

Games of 2022 and 2026. And further, to award Punitive Damages for the

egregious and serious misconduct of Defendants.

Respectfully Submitted,
By: **THOMAS J. JONES, JR. P.C.**


_____

Thomas J. Jones, Jr., Esquire
Attorney for Plaintiffs
410 Biden Street, Suite 301
Scranton, PA 18503
Ph: (570) 342-9296
Fax: (570) 342-601
Email: tjjoneslaw@gmail.com

# CERTIFICATE OF SERVICE

I, THOMAS J. JONES, JR., ESQUIRE, do hereby certify that on the 4th day of August, 2025, I served a copy of the foregoing Second Amended Complaint, herein by Email to the following:

Mitch M. Longson, Esquire
Kendra M. Brown, Esquire
MANNING CURTIS BRADSHAW
& BEDNAR PLLC
201 South Main Street, Suite 750
Salt Lake City, Utah 84111
mlongson@mc2b.com
kbrown@mc2b.com
Attorneys for Defendants David Greaves,
Larry Sidney, and Bobsleigh Skeleton Israel, LLC

Mark R. Gaylord, Esquire
Tyler M. Hawkins, Esquire
Ballard Spahr LLP
One Utah Center, Suite 800
201 South Main Street
Salt Lake City, Utah 84111-2221
gaylord@ballardspahr.com
hawkinst@ballardspahr.com
Attorneys for Defendants Adam Jeremy Edelman,
Heath Spence, and Israel Bobsled Skeleton, LLC

Jared C. Bowman, Esquire
Rosing Davidson Frost
136 Heber Ave., Suite 205
Park City, Utah 84060
bowman@rosingdavidson.com

**THOMAS J. JONES, JR. P.C.**

By:_____

Thomas J. Jones, Jr., Esquire
Attorney for Plaintiffs
410 Biden Street, Suite 301
Scranton, PA 18503
Ph: (570) 342-9296
Fax: (570) 342-601
Email: tjjoneslaw@gmail.com