IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID NICHOLLS, et al.,<br><br>　　　　Plaintiffs,<br>v.<br>DAVID GREAVES, et al.,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO AMEND**<br><br>Case No. 2:24-cv-00412-AMA-CMR<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Cecilia M. Romero |

　　　　This matter is presently before the Court on Plaintiffs David Nicholls and Adaptive Bobsled & Sports Association's Motion to File a Second Amended Complaint ("Motion").[1] Defendants David Greaves, Larry Sidney, and Bobsleigh Skeleton Israel, LLC ("BSI Defendants") filed an Opposition.[2] Plaintiffs did not file any reply. Accordingly, the Motion is fully briefed. The Court did not hear oral argument. For the reasons set forth below, the Court denies Plaintiffs' Motion.

## **DISCUSSION**

　　　　The Court denies Plaintiffs' Motion because Plaintiffs' proposed amendment does not cure the deficiencies in their pleading that the Court previously noted. Rule 15 indicates leave to amend should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, the Court enjoys discretion in reviewing a motion to amend and, among other reasons, "may refuse to allow amendment if it would be futile." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). "A proposed amendment is futile if the complaint, as amended, would be subject to

---

[1] *See* ECF No. 48.
[2] ECF No. 52.

dismissal." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). As the parties asserting jurisdiction, Plaintiffs "bear the burden of establishing personal jurisdiction." *Eighteen Seventy, LP v. Jayson*, 32 F.4th 956, 964 (10th Cir. 2022). Likewise, Plaintiffs, as the parties invoking diversity jurisdiction, bear "the burden of proving its existence by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Plaintiffs' proposed-amended pleading does not cure the jurisdictional deficiencies noted in the Court's July 14 Order.[3]

### I. The Court denies Plaintiffs' Motion because the proposed-amended pleading lacks necessary factual allegations to show Defendants had sufficient minimum contacts with the District of Utah

Plaintiffs' Motion offers no sufficient basis to justify an amendment, and their proposed-amended pleading does not cure the failure earlier noted by the Court, namely Plaintiff's failure to allege facts to show their injuries "arise out of or relate to" Defendants activities directed to this forum. *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839–40 (10th Cir. 2020). "The arising-out-of component of the test requires courts to ensure that there is an adequate link between the forum State and the claims at issue, regardless of the extent of a defendant's other activities connected to the forum." *Id.* (citing *Bristol-Myers Squibb Co. v. Superior Court of Cal., S.F. Cty.*, 582 U.S. 255 (2017)). Plaintiffs' arguments in favor of jurisdiction remain inadequately

---

[3] ECF No. 47. Given Plaintiffs' failure to comply with the Court's Order, dismissal is also warranted under Rule 41 because Plaintiffs failed to correct deficiencies specifically noted by the Court. *See* Fed. R. Civ. P. 41(b). Nonetheless, given that any dismissal under Rule 41 would likewise be made without prejudice, the Court does not engage in extended analysis of this independent basis for dismissal in light of Plaintiffs' failure to establish jurisdiction.

briefed[4] and their proposed amended pleading does not contain sufficient factual material to demonstrate the Court has personal jurisdiction over Defendants.

Plaintiffs first contend the Court enjoys personal jurisdiction over Defendants in this case based on Plaintiffs' allegations that "Defendants sent and/or participated and/or acquiesced in sending the libelous and defamatory email and written correspondence via U.S. Mail to the Plaintiffs in Utah."[5]  This argument is surprising, primarily, because Plaintiffs have removed their defamation claim from the proposed-amended pleading.  Likewise, the argument lacks any meaningful support from the factual allegations in the proposed-amended pleading.  Plaintiffs do not allege any specific defamatory statement made by Defendants, let alone the time or place of any such statement.  While the proposed-amended pleading contains one use of the word "defamatory," it offers no additional detail.  Critically, the allegations lack any indication that any statements, defamatory or otherwise supportive of Plaintiffs' claims, were directed toward Utah.  Thus, there are no facts alleged in the Complaint related to alleged defamation that might provide a basis for the Court to assert personal jurisdiction over Defendants.

Second, Plaintiffs' Motion contends Defendants' actions were "intended to accomplish their desired effect of illegitimately preventing this Utah resident from engaging in a form of commerce by obstructing forms of legitimate compensation, such as product endorsements and the like, to his financial detriment."[6]  Yet Plaintiffs' Motion offers no explanation of any allegedly wrongful action by Defendants that targeted Utah.  Nor is any such targeted action

---

[4] Plaintiffs Motion consists of four conclusory numbered sentences without any citation to legal authority.
[5] ECF No. 48.
[6] *Id.*

apparent from the Court's own review of Plaintiffs' proposed-amended pleading, or any of the other materials Plaintiffs attach to that filing. As the Court warned when it dismissed Plaintiffs' Complaint, Defendants' alleged attendance at race events and fundraisers in Utah has no alleged factual connection to Plaintiffs' claim against Defendants, which involves conduct spanning several states outside Utah and even a foreign country.[7]

Based on the foregoing, the Court denies Plaintiffs' Motion because it is futile.[8]

## ORDER

Having considered the parties' briefs and the relevant law, the Court DENIES Plaintiffs' Motion to File a Second Amended Complaint (ECF No. 48). This action will be dismissed without prejudice and judgment entered accordingly.

Dated this 5th day of November 2025.    By the Court:

Ann Marie McIff Allen
United States District Judge

---

[7] *See* ECF No. 47 at 4–5.

[8] Additionally, Plaintiffs failed to correct issues related to diversity jurisdiction. Plaintiff appears to confuse the requirements applicable to limited liability companies, identified by the use of the letters "LLC," with those applicable to corporations. As the Court earlier warned, the pleading requirements to establish diversity jurisdiction differ considerably between these two types artificial entities. *See* ECF No. 47 at 1 n.4. Plaintiff has not identified the members of any of the two LLC Defendants, nor pled their citizenship. This failure provides an alternative basis for futility because the proposed-amended pleading does not set forth a claim within the subject-matter jurisdiction of this Court.